11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edna J. MOSLEY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3371.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1993.
 
 Before NEWMAN, MAYER, and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board, Docket No. PH315H920635-I-1, dismissing the petition of Ms. Edna J. Mosley, is affirmed.
 
 DISCUSSION
 
 2
 Petitioner was separated from her position as a Nursing Assistant with the Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania because of unavailability for duty during her probationary period. The evidence is uncontroverted that petitioner was a probationary employee at the time of her separation, having served less than one year.
 
 
 3
 Only a person who "is not serving a probationary or trial period under an initial appointment" or who "has completed 1 year of current continuous service in other than a temporary appointment" comes within the definition of "employee" in 5 U.S.C. Sec. 7511(a)(1)(A) (Supp. IV 1993). The probationary or trial period under an initial appointment is one year. 5 C.F.R. Sec. 315.801(a) (1993).
 
 
 4
 Probationary employees can appeal their separation only on the ground that termination was based on partisan political reasons or marital status, 5 C.F.R. Sec. 315.806(b) (1993), or that termination was based on preappointment reasons and that the agency did not follow the procedural requirements of 5 C.F.R. Sec. 315.805 (1993). Petitioner asserts neither.
 
 
 5
 In response to an order to show cause, Ms. Mosley stated that she was terminated because of her unavailability for work due to an on-the-job injury and, as a result of the "political climate" and "shrinking resources," it was easier to remove an employee who is not available for work. The administrative judge correctly ruled that Ms. Mosley did not allege a statutory or regulatory basis for review.
 
 
 6
 We affirm the dismissal for lack of jurisdiction.